Orellana-Hernandez v. Barr

BIA
Straus, IJ
A206 628 005

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand twenty.

PRESENT:
> GUIDO CALABRESI,
> RAYMOND J. LOHIER, JR.,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

GUILLERMINA NOHEMY ORELLANA-HERNANDEZ,
> *Petitioner,*

> v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

| | |
|---|---|
| | 17-2195 |
| | NAC |

FOR PETITIONER: Michael A. Ugolini, Wilbraham, MA.

FOR RESPONDENT: Corey Farrell, Appellate Counsel, Office of Immigration Litigation, Greg D. Mack, Senior Litigation Counsel, Civil Division, *for* Ethan

P. Davis, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guillermina Nohemy Orellana-Hernandez, a native and citizen of Honduras, seeks review of a June 22, 2017 decision of the BIA affirming a May 23, 2016 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guillermina Nohemy Orellana-Hernandez,* No. A206 628 005 (B.I.A. June 22, 2017), *aff'g* No. A206 628 005 (Immig. Ct. Hartford May 23, 2016). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195

2

(2d Cir. 2014).

The issue before us is whether Orellana-Hernandez satisfied her burden of proof for asylum and withholding of removal based on her claims that her daughter's father, gang members, and individuals to whom she had lent money threatened her and caused her to close her businesses in Honduras on account of her membership in the social groups of "women in Honduras who are unable to leave their relationships," "Honduran small business owners and their dependents," and "families in Honduras who receive remittances from a relative in the United States." We find no error in the agency's conclusion that she did not.

"[P]ersecution is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'" *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quoting *Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir. 2005)). It may "encompass[] a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse," but the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (internal quotation marks and brackets omitted).

3

"[U]nfulfilled threats," such as those made by Orellana-Hernandez's daughter's father, gang members, and individual borrowers, do not constitute persecution. *Gui Ci Pan v. U.S. Att'y General*, 449 F.3d 408, 412–13 (2d Cir. 2006) (quotation marks omitted). Further, Orellana-Hernandez did not allege suffering any "persecutive effects" as a result of closing her businesses in response to threats, as we have required when a petitioner claims economic persecution. *Huo Qiang Chen v. Holder*, 773 F.3d 396, 406 (2d Cir. 2014).[1]

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), "which requires that the alien present credible testimony that [s]he subjectively fears persecution and establish that [her] fear is objectively reasonable," *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). The agency did not err in finding that Orellana-Hernandez's fear of future harm was

---

[1] Contrary to Orellana-Hernandez's contention, the BIA did not engage in improper factfinding when it recited facts found by the IJ and concluded that those facts did not rise to the level of economic persecution. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006) (providing that the issue of whether harm rises to the level of persecution "involves the application of a legal standard to established facts").

4

speculative because her would-be persecutors had not fulfilled any of their threats and had not expressed any continued interest in her. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Even if Orellana-Hernandez's fears are well founded, the agency did not err in concluding that her proposed social groups of "Honduran small business owners and their dependents" and "families in Honduras who are beneficiaries of remittances from the United States" were not cognizable as particular social groups.[2] To constitute a particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014); *see also Paloka*, 762 F.3d at 195–96.

We have agreed with the agency's determination that a group defined by wealth is not cognizable as a particular social group. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("If 'wealth' defined the boundaries of a

---

[2] Orellana-Hernandez does not challenge the agency's dispositive determination that she is not a member of the group of "women in Honduras who are unable to leave their relationships."

5

particular social group, a determination about whether any petitioner fit into the group (or might be perceived as a member of the group) would necessitate a sociological analysis as to how persons with various assets would have been viewed by others in their country."). Although Orellana-Hernandez attempted to more narrowly define her proposed social groups as "small business owners" and "beneficiaries of remittances," these groups were premised on wealth or perceived wealth and not on a particularized status. Indeed, Orellana-Hernandez admitted that gang members targeted her because they thought she had money. But "harm motivated purely by wealth is not persecution." *Id.* at 74. And, while the country conditions evidence in the record states that children who receive remittances from the United States are more vulnerable to gang extortion, we have noted that a social group is not cognizable if it "depends on no disadvantage other than purported visibility to criminals." *Id.* at 73; *see id.* ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA.").

6

Accordingly, because Orellana-Hernandez failed to demonstrate past persecution or state a cognizable social group in support of a well-founded fear of persecution, the agency did not err in finding that she failed to establish her eligibility for asylum or withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *see also Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010). Orellana-Hernandez does not challenge the BIA's determination that she abandoned CAT relief, and so we do not consider the decision to that extent. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

We find no merit to Orellana-Hernandez's argument that one of the members of the BIA panel that dismissed her appeal should have recused himself because of his past professional relationship with the IJ. None of their past interactions qualify as relationships requiring recusal under the Ethics and Professionalism Guide for Members of the Board of Immigration Appeals. Further, Orellana-Hernandez's only evidence of bias is the BIA's decision, which as discussed above was reasonable and unanimously decided by a three-member panel.

For the foregoing reasons, the petition for review is

7

DENIED.  All pending motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court